## CIRCUIT COURT OF FAIRFAX COUNTY

Noramco International et al.

v.

Charlie's Pizza, Ltd., et al.

March 12, 2001

Case No. (Chancery) No. 158763

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me for trial on the pleadings filed by the parties. At the conclusion of the evidence I took the case under advisement and requested post-trial memoranda. Having reviewed the evidence and post-trial memoranda, I find in favor of the respondents and dismiss the bill of complaint against them.

The bill of complaint seeks relief against the respondents under §§ 55-80 (Count I) and 55-81 (Count II) of the Code of Virginia. Those statutes are commonly referred to as the fraudulent conveyance and voluntary conveyance statutes, respectively. I find that the complainant has failed to prove his case by clear and convincing evidence so as to be entitled to recover under those statutes.

To recover under § 55-80, complainant must show the existence of an intentional act of transferring property to hinder, delay, or defraud creditors or others from receiving what is lawfully theirs. The presence of certain "badges of fraud" may create a rebuttable presumption of the fraudulent intent required for recovery under the statute. *Hutcheson v. Savings Bank,* 129 Va. 281, 291, 105 S.E. 677 (1921). Among those "badges of fraud" is want of adequate consideration for the transfer. To recover under § 55-81, complainant must prove, among other things, that there was a transfer of property lacking consideration deemed valuable in law. If the complainant's evidence demonstrates a prima facie case of fraud, the burden shifts to the respondent to establish the fairness of the transaction. *Hutcheson,* 129 Va. at 291.

I find that complainant's evidence fails to provide clear and convincing proof of a fraudulent or voluntary conveyance. To the extent that complainant's evidence demonstrated any "badges of fraud" as to these transfers, the respondents amply rebutted any presumption arising in the complainant's favor. I find that there was good and valuable consideration for the transfers of property at issue here. The consideration for the transfer of the restaurant property was the loan made by Issa and Najwa Ayoub to Charlie's Pizza, Ltd., at the inception of the lease and evidence soon thereafter by a series of promissory notes and financing statements. The consideration for the transfer of the Ford truck was its original transfer to Charlie's Pizza, Ltd., by Charles I. Ayoub and the resulting lien in his favor recorded on the title to the vehicle. The consideration for the transfers was genuine and adequate. Even under §§ 55-80 and 55-81 of the Code, a debtor may transfer an asset to a *bona fide* creditor to satisfy an existing indebtedness if the transfer is for full value. *Price v. Hawkins*, 247 Va. 32, 35, 439 S.E.2d 382 (1994). Finally, there was insufficient evidence that the sale of the food inventory was other than to a third party (not a party to this proceeding) having no notice of complainant's claims.

The complainant asserts that the creditors to whom the transfers were made failed to comply fully with the requirements of Title 8.9 of the Code of Virginia (governing secured transactions under the Commercial Code). Should any such deficiencies exist, they may affect whether a security interest was properly perfected, but they do not alter the presence of good and lawful consideration.

At times in its post-trial memorandum, Complainant seems to rely on §§ 55-231 and 55-233 of the Code of Virginia in asserting the priority of a landlord's lien. But complainant did not reference those specific statutes in its bill of complaint. Further, complainant later asserts in its post-trial memorandum that it does not base its causes of action on those statutes: "This case is brought pursuant to [§] 55-80, not [§§] 55-221, 55-233."